1

2

3

4

5

6

7         UNITED STATES DISTRICT COURT

8      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    THERON KENNETH HOLSTON,                    No. 2:14-cv-1853-TLN-EFB P

11              Plaintiff,

12        v.                                     ORDER SETTING SETTLEMENT
                                                 CONFERENCE
13    HEATON,

14              Defendant.

15

16        Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C.

17    § 1983.  The court has determined that this case will benefit from a settlement conference.

18    Therefore, this case will be referred to Magistrate Judge Carolyn K. Delaney to conduct a

19    settlement conference at the El Dorado County Jail, 300 Forni Road, Placerville, California 95667

20    on March 18, 2016 at 10:00 a.m.  The court further orders that all deadlines in this matter shall be

21    stayed pending the outcome of the settlement conference.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1.  This case is set for a settlement conference before Magistrate Judge Carolyn K.

24            Delaney on March 18, 2016 at 10:00 a.m. at the El Dorado County Jail, 300 Forni

25            Road, Placerville, California 95667.

26        2.  Parties are instructed to have a principal with full settlement authority present at the

27            Settlement Conference or to be fully authorized to settle the matter on any terms.  The

28

                                                1

individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle[1].

3. Parties are directed to submit confidential settlement statements no later than March 11, 2016 to ckdorders@caed.uscourts.gov.  Plaintiff shall mail his confidential settlement statement to Sujean Park, ADR Division, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than March 11, 2016.  If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).  Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s].").  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a.  A brief statement of the facts of the case.

   b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c.  A summary of the proceedings to date.

   d.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

   e.  The relief sought.

   f.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

   g.  A brief statement of each party's expectations and goals for the settlement conference.

4.  The Clerk of the Court is directed to serve a copy of this order on the Sheriff, El Dorado County, 300 Fair Lane, Placerville, California 95667.

5.  All deadlines in this matter are stayed pending the outcome of the settlement conference. If the parties are unable to settle this matter, the court will issue an order setting new deadlines.

DATED: February 24, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3